IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MILTON ROSS,

                Plaintiff

    VS.

EDWARD BURNSIDE, *et al.*,

                Defendants

NO. 5:06-CV-177 (WDO)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# ORDER FOR SPECIAL REPORT

Before the court is the motion for preliminary injunction or temporary restraining order (TRO) filed by MILTON ROSS, the *pro se* plaintiff in the above-styled case. Tab #4. After twice being instructed to respond to the plaintiff's motion, the defendants did so on August 28, 2006, in a document that is accompanied by the affidavit of defendant DR. EDWARD BURNSIDE and copies of the plaintiff's medical records. Tab #23. The plaintiff has replied to their response. Tab #24.

After a careful review of the documents before the court, the undersigned is not convinced that the defendants have done and are doing what is constitutionally sufficient to alleviate ROSS's pain. Specifically, the medical records show that on January 5, 2006, a specialist in pain management, after noting that the plaintiff's condition continues to deteriorate, requested that the plaintiff be seen by a colleague of his for preliminary evaluation for a spinal cord stimulator. It is unclear whether plaintiff Ross ever met with the colleague, but by April 14, 2006, Dr. Mani — the doctor who originally requested the plaintiff be seen by a sub-specialist — was confident that the spinal cord stimulator would benefit the plaintiff and recommended that the plaintiff undergo the procedure. On July 13th and August 18th respectively, DR. BURNSIDE and another doctor at Men's Stat Prison entered orders for ROSS to undergo another consultation at the pain clinic for a spinal cord stimulator. The only reason the defendants' allege that ROSS has not yet received a stimulator — a treatment that has been recommended by specialists — is that "it is difficult to find physicians and facilities willing to undertake the procedure." Affidavit of Edward Burnside at ¶69. Dr. Burnside's affidavit also states that he "continue[s] to attempt to treat Plaintiff's pain through medication and recent requests that a facility be found that could input the stimulator." *Id.*

Accordingly, the defendants are ORDERED AND DIRECTED to provide the court a SPECIAL REPORT detailing *exactly* what measures are being taken to provide the plaintiff with the treatment that has been clearly recommended by medical personnel. They shall have **TEN (10) DAYS** from the date of this order in which to file their report. After receipt of that report, the undersigned will make a recommendation to the district court judge to whom this case is assigned as to whether appropriate steps are being taken pursuant to *Farrow v. West,* 320 F.3d 1235 (11th Cir.2003)[1] and whether a TRO/preliminary injunction should issue.

SO ORDERED, this 12st day of SEPTEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff ROSS has shown a serious medical need — defined as one that has been diagnosed by a physician as mandating treatment — and that DR. BURNSIDE has subjective knowledge of the harm being caused by the plaintiff's being denied treatment. What appears to be unanswered at this time is whether DR. BURNSIDE and/or any other defendant is actively disregarding that risk by taking an "easier but less efficacious course of treatment." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).